**SUMTER FARM & STOCK CO., Inc., v.
UNITED STATES.**

No. 11250.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1945.

John D. McQueen, of Tuscaloosa, Ala., and Frontis H. Moore, of Birmingham, Ala., for appellant.

F. E. Youngman, Atty., Department of Justice, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY and McCORD, Circuit Judges, and KENNAMER, District Judge.

McCORD, Circuit Judge.

The Sumter Farm and Stock Company, Inc., an Alabama corporation, brought suit in the court below to recover the sum of $10,478.89, which it paid as surtax on undistributed profits for the taxable year 1936. Judgment was entered against the taxpayer and it has appealed.

The facts are stipulated. There is no question that the amount here involved was due and payable under the provisions of law in force at the time it was paid as a surtax on undistributed profits. The right to recovery is predicated upon the Revenue Act enacted by the Congress in 1942, which among other provisions, retroactively amended certain provisions of the Revenue Act of 1936 relating to the computation of the tax on undistributed profits. After the passage of this 1942 Act, and within the time provided therefor, taxpayer filed its claim for a refund of the entire amount of surtax paid in 1936 on its undistributed profits for that year.

So that,. the question presented on this appeal is whether the taxpayer is entitled to a credit under Section 26(c) (3) of the Revenue Act of 1936, as amended by Sec-

tion 501(a) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, in the computation of its surtax on undistributed profits under Section 14(b) of the 1936 Act for its taxable year 1936, 26 U.S.C.A. Int.Rev.Acts, page 823.

If the taxpayer has brought itself squarely within the provisions of the following amendment to Section 26(c) then it is entitled to a refund of the amount paid as surtax in 1936:

"(3) Deficit corporations. In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body (Italics supplied) from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936."

It is further without dispute and the court below found that the taxpayer was a deficit corporation; that such deficit was in accumulated earnings and profits; and that the taxpayer had an operating deficit on December 31, 1935. Its right to recovery, therefore, depends upon the construction placed on the provisions of the 1942 amendment as above quoted.

The sole contention of the taxpayer is that it was "prohibited by a provision of a law" within the meaning of the 1942 amendment from paying dividends during the year involved.

We are of opinion that the Congress meant by the excerpt as contained in this amendment, "provision of a law" to refer to the statutory laws of the State. This construction provides a ready test for granting the tax deduction. Helvering v. Magnus Beck Brewing Co., 2 Cir., 132 F.2d 379, certiorari denied Magnus Beck Brewing Co. v. Commissioner, 319 U.S. 749, 63 S.Ct. 1156, 87 L.Ed. 1704; Commissioner of Internal Revenue v. Oswego Falls Corporation, 2 Cir., 137 F.2d 173. Although "provision of a law" might conceivably refer to the decisional law, it must be borne in mind that statutes granting tax deductions are a matter of legislative grace and must be strictly construed. It is a privilege and not a matter of right. Taxpayer may not have the statute liberally construed. It must bring itself within the precise letter of the legislative grant. Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Deputy v. Du-

Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S. Ct. 788, 78 L.Ed. 1348.

The Constitution of Alabama and the Code sections referred to carry no express inhibitions against the payments of dividends by a solvent corporation. Code of 1940, Title 10, Sec. 26 (6990); Code of 1940, Title 10, Sec. 27 (6991); Constitution of Alabama 1901, Art. 12, Sec. 234; Code of 1940, Title 10, Sec. 36 (7003).

Moreover, counsel has not called to our attention, and we have been unable to find, a decision of the Supreme Court of Alabama construing the provisions under consideration as prohibiting solvent corporations, such as we have here, from paying a dividend, even though it be shown to have a deficit in its capital.

Taxpayer has not brought itself within the terms of the amended statute, and the judgment is

Affirmed.